IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
January 15, 2020 Session

## JAVIER CARRASCO v. NORTH SURGERY CENTER, LP, ET AL.

**Appeal from the Circuit Court for Shelby County**
**No. CT-005226-16  James F. Russell, Judge**

———————————————————————

### No. W2019-00558-COA-R3-CV

———————————————————————

This is a healthcare liability action resulting from injuries sustained by a guidewire left in the plaintiff's neck following a procedure.  The defendants moved to dismiss the action for failure to comply with notice requirements in Tennessee Code Annotated section 29-26-121(a)(2)(E).  The trial court dismissed the action without prejudice, and the plaintiff appealed.  We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and ARNOLD B. GOLDIN, J., joined.

W. Bryan Smith, Memphis, Tennessee, for the appellant, Javier Carrasco.

Mason Wilson and Heather Colturi, Memphis, Tennessee, for the appellee, North Surgery Center, LP.

James T. McColgan, III and Barrett Frederick, Cordova, Tennessee, and Joseph L. Reese, Jr., Birmingham, Alabama, for the appellees, Phillip Andrew Rojas, M.D., and Medical Anesthesia Group.

# OPINION

## I. BACKGROUND

Javier Carrasco ("Plaintiff") filed this healthcare liability action on December 30, 2016.[1] Plaintiff alleged that the named providers, North Surgery Center, LP, Philip Rojas, M.D., and Medical Anesthesia Group, PA (collectively, "Defendants"), negligently provided medical care to Plaintiff during his admission at the North Surgery Center in September 2015 following an August 2015 motor vehicle accident. Plaintiff alleged that the treatment resulted in significant pain.

Prior to filing the healthcare liability action, on August 31 and September 1, 2016, Plaintiff mailed statutorily required documents to Defendants advising them that a healthcare liability action would be asserted against them. The documents all included the same three attached medical releases, but Plaintiff concedes that the authorizations did not substantially comply with the requirements in Tennessee Code Annotated section 29-26-121(a)(2)(E).[2] A revised set of documents was sent by Plaintiff on November 2, 2016, after the one-year statute of limitations had expired, to correct the compliance issues in the August and September mailings. An enclosed letter stated that the medical authorizations provided on August 31 and September 1, 2016, were "intentionally left blank" and that counsel believed they complied with HIPAA[3] and Tennessee law. Enclosed with the November 2, 2016 documents was a fourth medical authorization that referenced the medical records for a "Narinder Sanwal, Deceased" instead of Plaintiff.

Defendants moved to dismiss Plaintiff's complaint, arguing that the deficiencies in the authorizations prevented Plaintiff from being able to use the extension to the statute of limitations otherwise afforded in Tennessee Code Annotated section 29-26-121(c). A plaintiff who complies with the notice provisions of Tennessee Code Annotated section 29-26-121, receives a 120-day extension of the applicable statute of limitations and statute of repose. Tenn. Code Ann. § 29-26-121(c). The trial court ultimately dismissed the complaint on June 23, 2017. After the trial court denied Plaintiff's motion to alter, amend, or set aside, Plaintiff timely filed this appeal.

---

[1] The statute of limitations for Plaintiff's claim expired on September 7, 2016.

[2] Specifically, as to the initial authorizations, they contained blanks. One was dated February 27, 2016, and the other two were dated April 13, 2016. They were entitled as follows: (1) "Methodist LeBonheur Authorization to Release Medical Records," (2) "Medical Authorization In Accordance with 45 C.F.R. section 164.508(c)-HIPAA," and "MSK Group, PC Ortho Memphis."

[3] HIPAA refers to the Health Insurance Portability and Accountability Act of 1996, Pub. L. No. 104-191, 110 Stat. 1936.

## II. ISSUES

The following issues have been raised on appeal, which we restate and consolidate as follows:

> A) Whether the trial court erred when it held that Plaintiff's pre-suit notice to Defendants did not substantially comply with Tennessee Code Annotated section 29-26-121.
>
> B) Whether the trial court erred when it held that Plaintiff was not entitled to the 120-day tolling of the statute of limitations allowed by Tennessee Code Annotated section 29-26-121(c).
>
> C) Whether the trial court erred when it held that Defendants were prejudiced by Plaintiff's insufficient pre-suit notice.

## III. STANDARD OF REVIEW

This court will not address the merits of the case; this is another in a long series of cases determining the sufficiency of pre-suit notices and related documents that must be served on potential defendants before the suit may be prosecuted. Our Supreme Court has instructed that the proper way for defendants to challenge compliance with Tennessee Code Annotated section 29-26-121 is to file a motion to dismiss under Rule 12.02 of the Tennessee Rules of Civil Procedure. *Myers v. AMISUB (SFH), Inc.*, 382 S.W.3d 300, 307 (Tenn. 2012). We review the trial court's determinations on issues of law de novo, with no deference to the trial court. *Blackburn v. Blackburn*, 270 S.W.3d 42, 47 (Tenn. 2008); *J.A.C. by and through Carter v. Methodist Healthcare Memphis Hosps.*, 542 S.W.3d 502. 509 (Tenn. Ct. App. 2016).

## IV. DISCUSSION

The statutory provision at issue in this dispute is Tennessee Code Annotated section 29-26-121(a)(1-2), which provides,

> (a)(1) Any person, or that person's authorized agent, asserting a potential claim for medical malpractice shall give written notice of the potential claim to each health care provider that will be a named defendant at least sixty (60) days before the filing of a complaint based upon health care liability in any court of this state.

(2) The notice shall include:

(A) The full name and date of birth of the patient whose treatment is at issue;
(B) The name and address of the claimant authorizing the notice and the relationship to the patient, if the notice is not sent by the patient;
(C) The name and address of the attorney sending the notice, if applicable;
(D) A list of the name and address of all providers being sent a notice; and
(E) A HIPAA compliant medical authorization permitting the provider receiving the notice to obtain complete medical records from each other provider being sent a notice.

Tenn. Code Ann. § 29-26-121(a)(1-2).

We first address whether the trial court erred in holding that Plaintiff did not substantially comply with the Tennessee Code Annotated section 29-26-121(a)(2)(E) requirement to provide a HIPAA-compliant medical authorization "permitting the provider receiving the notice to obtain complete medical records from each other provider being sent a notice." *Id.* Whether Defendants have been prejudiced is considered in tandem with substantial compliance. *See Stevens ex rel. Stevens v. Hickman Cmty. Health Care Servs., Inc.*, 418 S.W.3d 547, 555 (Tenn. 2016). Our Supreme Court recently reaffirmed *Stevens*, holding that "prejudice is not a separate and independent analytical element" but rather a consideration relevant to determining whether a plaintiff has substantially complied." *Martin v. Rolling Hills Hosp., LLC,* __ S.W.3d __ , 2020 WL 2065528, at *7 (Tenn. Apr. 29, 2020)(quoting *Stevens*, 418 S.W.3d at 556).

As to HIPAA-compliant authorizations, the Code of Federal Regulations provides as follows:

(2) Defective authorizations. An authorization is not valid if the document submitted has any of the following defects: …(ii) The authorization has not been filled out completely with respect to an element described by paragraph (c) of this section . . . .

45 C.F.R. § 164.508(b). Paragraph (c) provides:

A valid authorization under this section **must contain** at least the following elements:

- 4 -

(i) A description of the information to be used or disclosed that identifies the information in a specific and meaningful fashion.

(ii) The name or other specific identification of the person(s), or class of persons, authorized to make the requested use or disclosure.

(iii) The name of other specific identification of the person(s), or class of persons, to whom the covered entity may make the requested use or disclosure.

(iv) A description of each purpose of the requested use or disclosure . . . .

(v) An expiration date or an expiration event that relates to the individual or the purpose of the use or disclosure . . . .

(vi) Signature of the individual and date. If the authorization is signed by a personal representative of the individual, a description of such representative's authority to act for the individual must also be provided.

45 C.F.R. § 164.508(c)(1) (emphasis added). The comments to the HIPAA regulations state that "[p]ursuant to § 164.508(b)(1), an authorization is not valid under the Rule unless it contains all of the required core elements and notification statements." Standards for Privacy of Individually Identifiable Health Information, 67 Fed. Reg. 53182, 53220-21 (Aug. 14, 2002). The Tennessee Supreme Court has held that a medical authorization should contain the six elements of information set forth in 45 C.F.R. § 164.508(c)(1)(i)-(vi) in order for it to be "HIPAA-compliant." *Stevens*, 418 S.W.3d at 555.

Plaintiff concedes that the initial notices sent in August and September of 2016 were not HIPAA-compliant medical authorizations. He contends, however, that the November 2, 2016, release ("November Authorization") corrected those errors, save one typographical error.

November Authorization, titled "AUTHORIZATION TO DISCLOSE HEALTH INFORMATION," correctly identifies the person making the authorization as Plaintiff, provides his birth date, and provides his Social Security Number. Paragraph 1 of the document appropriately identifies the uses and purposes of the disclosure; Paragraph 2 appropriately identifies who may make the disclosure; and Paragraph 5 appropriately

identifies to whom disclosure may be made. Plaintiff authorized each recipient to obtain his medical records from one another. The typographical error in Paragraph 3 identifying what information may be used or disclosed names "Narinder Sanwal, Deceased" instead of Plaintiff.

Our Supreme Court allows for imperfect compliance:

> A plaintiff's less-than-perfect compliance with Tenn. Code Ann. § 29-26-121(a)(2)(E), however, should not derail a healthcare liability claim. Non-substantive errors and omissions will not always prejudice defendants by preventing them from obtaining a plaintiff's relevant medical records. Thus, we hold that a plaintiff must substantially comply, rather than strictly comply, with the requirements of Tenn. Code Ann. § 29-26-121(a)(2)(E). . . . [Tennessee Code Annotated § 29-26-121(a)(2)(e)] serve[s] an investigatory function, equipping defendants with the actual means to evaluate the substantive merits of a plaintiff's claim by enabling early discovery of potential co-defendants and early access to a plaintiff's medical records."

*Stevens*, 418 S.W.3d at 554. However, medical authorizations must allow defendants to obtain and review relevant medical records. *Id*. at 555. One of HIPAA's functions is preventing medical providers from using medical records without fully compliant authorization forms, and reviewing courts should consider the extent of prejudice suffered by defendants with noncompliance. *Id*. at 556. Substantial compliance requires "a degree of compliance that provides the defendant with the ability to access and use the medical records for the purpose of mounting a defense." *Lawson v. Knoxville Dermatology Grp. P.C.*, 544 S.W.3d 704, 711 (Tenn. Ct. App. 2017).

The August and September releases provided here, with blanks and incorrect dates, were not HIPAA-compliant. November Authorization,[4] even if HIPAA-compliant, was sent to Defendants ***after*** the one-year statute of limitations had expired. Thus, it could not be used to supplement the admittedly defective authorizations that were provided within the statute of limitations. Because Plaintiff did not establish substantial

---

[4] November Authorization was sent less than 60 days before Plaintiff filed the complaint, a violation of Tennessee Code Annotated section 29-26-121(a)(1). *Blankenship v. Anesthesiology Consultants Exch., P.C.*, 446 S.W.3d 757, 758 (Tenn. Ct. App. 2014). Pre-suit notice is mandatory, and section 29-26-121(a)(1) demands strict compliance. *Myers*, 382 S.W.3d at 309. The consequence for failure to give pre-suit notice is dismissal of the lawsuit. *Foster v. Chiles*, 467 S.W.3d 911, 915-16 (Tenn. 2015).

compliance with Tennessee Code Annotated section 29-26-121(a), he is not entitled to the 120-day extension of the statute of limitations,[5] and his claim is time-barred.

## V. CONCLUSION

The judgment of the trial court is affirmed, and the case is remanded for such further proceedings as may be necessary. Costs of the appeal are assessed to the appellant, Javier Carrasco.

_____
JOHN W. MCCLARTY, JUDGE

---

[5]Tennessee Code Annotated section 29-26-121(c) provides that:

…(c) When notice is given to a provider as provided in this section, the applicable statutes of limitations and repose shall be extended for a period of one hundred twenty (120) days from the date of expiration of the statute of limitations and statute of repose applicable to that provider….

Tenn. Code Ann. § 29-26-121(c).