# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
December 9, 2013 Session

## KRISTINE BLANKENSHIP v. ANESTHESIOLOGY CONSULTANTS EXCHANGE, P.C.

**Appeal from the Circuit Court for Hamilton County**
**No. 10-C-1337     W. Neil Thomas, III, Judge**

---

**No. E2013-01674-COA-R3-CV-FILED-FEBRUARY 26, 2014**

---

Kristine Blankenship ("Plaintiff") sued Anesthesiology Consultants Exchange, P.C. ("Defendant") alleging, in part, that as a result of Defendant's failure to properly treat a surgical patient Plaintiff suffered injuries including "a severe and disabling injury to her back." Defendant filed a motion for summary judgment. After a hearing, the Trial Court granted Defendant summary judgment after finding that Plaintiff had failed to comply with Tenn. Code Ann. § 29-26-121 by filing her complaint less than 60 days after sending the notice letter. Plaintiff appeals to this Court raising issues regarding whether Defendant waived the defense of failure to state a claim upon which relief can be granted based upon Plaintiff's failure to comply with Tenn. Code Ann. § 29-26-121 and whether Tenn. Code Ann. § 29-26-121 conflicts with Rule 18.01 of the Tennessee Rules of Civil Procedure as applied to this case. We hold, as did the Trial Court, that Defendant did not waive the defense of failure to state a claim upon which relief can be granted based upon Plaintiff's failure to comply with Tenn. Code Ann. § 29-26-121, and that Plaintiff waived her second issue by not raising it in the Trial Court. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed;
Case Remanded**

D. MICHAEL SWINEY, J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., P.J., and THOMAS R. FRIERSON, II, J., joined.

H. Franklin Chancey, Cleveland, Tennessee, for the appellant, Kristine Blankenship.

Richard A. Smith and Laura Beth Rufolo, Chattanooga, Tennessee, for the appellee, Anesthesiology Consultants Exchange, P.C.

## OPINION

## Background

Plaintiff sent Defendant a notice of intent to sue letter pursuant to Tenn. Code Ann. § 29-26-121 on September 27, 2010. The return receipt for the notice of intent to sue letter was signed on September 30, 2010. Plaintiff filed her complaint on November 4, 2010, which was only 38 days after the notice of intent to sue letter was sent on September 27, 2010.

Plaintiff's complaint alleged, in pertinent part, that on November 9, 2009 Plaintiff was working in an emergency room suite at Baroness Erlanger Hospital during a procedure and that Defendant's Certified Nurse Anesthetist was administering and monitoring the anesthesia during this procedure. Plaintiff alleged that toward the end of the procedure the patient "began to awaken prematurely," and "began to try and extubate herself and to extricate herself from stirrups." The complaint stated that "Plaintiff was working at her table when she became aware that the patient was in danger of falling from the table," and alleged that "Plaintiff lunged forward and saved the patient from injuring herself," and that "[i]n the process, the Plaintiff suffered a severe and disabling injury to her back." Plaintiff claimed to have incurred damages as a "result of the failure of the Defendant's employee to properly treat the surgical patient . . . ."

On March 14, 2013 Defendant filed a motion for summary judgment alleging that Plaintiff had failed to comply with the notice requirements of Tenn. Code Ann. § 29-26-121 because Plaintiff had filed her complaint less than sixty days after sending the notice of intent to sue letter. It is undisputed that Plaintiff did not comply with the notice requirements of Tenn. Code Ann. § 29-26-121 because Plaintiff filed this lawsuit before the sixty day notice period had passed. Plaintiff opposed the motion for summary judgment arguing that Defendant had waived the defense of failure to comply with Tenn. Code Ann. § 29-26-121 by not raising it in a timely manner.

After a hearing, the Trial Court entered its order on June 11, 2013 granting Defendant summary judgment as to Plaintiff's claims for medical malpractice, but not as to any claims for ordinary negligence. Plaintiff filed a motion for interlocutory appeal on the issue of whether the doctrine of waiver applied to a motion to dismiss based upon a violation of Tenn. Code Ann. § 29-26-121. Defendant filed a motion to dismiss Plaintiff's remaining

claims. After a hearing, the Trial Court entered its order granting Defendant's motion to dismiss and striking the motion for interlocutory appeal.[1] Plaintiff appeals to this Court.

## Discussion

Although not stated exactly as such, Plaintiff raises two issues on appeal: 1) whether Defendant waived the defense of failure to state a claim upon which relief can be granted based upon Plaintiff's failure to comply with Tenn. Code Ann. § 29-26-121; and, 2) whether the application of Tenn. Code Ann. § 29-26-121 conflicts with Rule 18.01 of the Tennessee Rules of Civil Procedure as applied to this case.

We first consider whether Defendant waived the defense of failure to state a claim upon which relief can be granted. In *Myers v. AMISUB (SFH), Inc.* our Supreme Court instructed that "[t]he proper way for a defendant to challenge a complaint's compliance with Tennessee Code Annotated section 29-26-121 and Tennessee Code Annotated section 29-26-122 is to file a Tennessee Rule of Procedure 12.02 motion to dismiss." *Myers v. AMISUB (SFH), Inc.*, 382 S.W.3d 300, 307 (Tenn. 2012). Defendant filed a motion asserting that Plaintiff failed to comply with Tenn. Code Ann. § 29-26-121, which in the case now before us is most properly considered as a Rule 12.02 motion for failure to state a claim upon which relief can be granted. Thus, the issue now before us requires us to interpret Tenn. R. Civ. P. 12.

Our Supreme Court has instructed:

Interpretation of the Tennessee Rules of Civil Procedure is a question of law, which we review de novo with no presumption of correctness. *Lacy v. Cox*, 152 S.W.3d 480, 483 (Tenn. 2004). The rules of statutory construction guide our interpretation of these rules. *Thomas v. Oldfield*, 279 S.W.3d 259, 261 (Tenn. 2009) (holding that "[a]lthough the rules of civil procedure are not statutes, the same rules of statutory construction apply"). Our primary interpretive objective is to effectuate the drafters' intent without broadening or restricting the intended scope of the rule. *See Owens v. State*, 908 S.W.2d 923, 926 (Tenn. 1995). We achieve this objective by examining the text, and if the language is unambiguous, we simply apply the plain meaning of the

---

[1]The Trial Court signed and entered two nearly identical orders on these issues, one on July 3, 2013 and one on July 9, 2013. Both orders were signed by counsel for Plaintiff and counsel for Defendant. The only difference between the two orders is that the July 3, 2013 order does not tax costs, but the July 9, 2013 one does. It appears from the record now before us that the July 9, 2013 order was entered to correct a simple clerical error regarding the taxing of costs.

words used. *Garrison v. Bickford*, 377 S.W.3d 659, 663 (Tenn. 2012). Our duty is to enforce the rule as written. *See Waldschmidt v. Reassure Am. Life Ins. Co.*, 271 S.W.3d 173, 176 (Tenn. 2008).

*Fair v. Cochran*, ___ S.W.3d ___, ___ , No. E2011-00831-SC-R11-CV, 2013 Tenn. LEXIS 727, at *6 (Tenn. Sept. 12, 2013).

We note that Tenn. R. Civ. P. 12.08 provides:

**12.08. Waiver of Defenses.** – A party waives all defenses and objections which the party does not present either by motion as hereinbefore provided, or, if the party has made no motion, in the party's answer or reply, or any amendments thereto, (provided, however, the defenses enumerated in 12.02(2), (3), (4) and (5) shall not be raised by amendment), except (1) that the defense of failure to state a claim upon which relief can be granted, the defense of failure to join an indispensable party, the defense of lack of capacity, and the objection of failure to state a legal defense to a claim may also be made by a later pleading, if one is permitted, or by motion for judgment on the pleadings or at the trial on the merits, and except (2) that, whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action. The objection or defense, if made at the trial, shall be disposed of as provided in Rule 15 in the light of any evidence that may have been received.

Tenn. R. Civ. P. 12.08.

Pursuant to the plain and unambiguous language of Tenn. R. Civ. P. 12.08, Defendant could have presented its defense of failure to state a claim upon which relief can be granted in a motion, in its answer, in an amendment to its answer, in "a later pleading, if one is permitted, or by motion for judgment on the pleadings or at the trial on the merits . . . ." Tenn. R. Civ. P. 12.08. Defendant did present its defense of failure to state a claim upon which relief can be granted in a motion. Because Tenn. R. Civ. P. 12.08 provides that Defendant could have presented this defense even as late as "at the trial on the merits," we cannot find that Defendant waived the defense of failure to state a claim upon which relief can be granted simply because Defendant engaged in discovery prior to filing its motion. We note that Defendant gives an explanation as to its delay in raising this defense. We, however, need not address this explanation as the clear language of Tenn. R. Civ. P. 12.08 resolves this waiver issue. We hold, as did the Trial Court, that Defendant did not waive the defense of failure to state a claim upon which relief can be granted based upon Plaintiff's failure to comply with Tenn. Code Ann. § 29-26-121.

Next, we turn to Plaintiff's issue of whether the application of Tenn. Code Ann. § 29-26-121 conflicts with Rule 18.01 of the Tennessee Rules of Civil Procedure as applied to this case. Plaintiff argues in her brief on appeal that because it was unclear whether Plaintiff's claim sounded in ordinary negligence or in professional negligence, she filed her complaint prior to the expiration of the statute of limitations for ordinary negligence, which was less than 60 days after the notice letter required by Tenn. Code Ann. § 29-26-121 had been sent to Defendant. Plaintiff argues that "the ridgid [sic] enforcement of the notice provision contained in T.C.A. 29-26-121 is in conflict with Tennessee Rule of Civil Procedure 18.01." Plaintiff, however, did not raise this issue in the Trial Court. The law in Tennessee is well settled that issues not raised in the trial court may not be raised on appeal. *E.g., In re: The Guardianship of R.D.M.*, 306 S.W.3d 731, 736 (Tenn. Ct. App. 2009). This issue has been waived.

## Conclusion

The judgment of the Trial Court is affirmed, and this cause is remanded to the Trial Court for collection of the costs below. The costs on appeal are assessed against the appellant, Kristine Blankenship, and her surety.

_____
D. MICHAEL SWINEY, JUDGE