IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
February 21, 2019 Session

## FRANCESS BROOKS v. ROYCE BATES

Appeal from the Circuit Court for Hancock County
No. 16C005    Beth Boniface, Judge

No. E2017-02011-COA-R3-CV

Royce Bates ("Defendant") appeals the judgment of the Circuit Court for Hancock County ("the Trial Court") awarding Francess Brooks ("Plaintiff") a judgment against Defendant in a breach of contract action. Defendant raises issues regarding whether the Trial Court erred in not dismissing the case because the amounts were owed to Hugh G. Brooks Industries, LLC and not to Plaintiff and whether the Trial Court erred in not dismissing the case based upon Plaintiff's alleged lack of standing to sue for a debt owed to the now deceased Hugh G. Brooks. We find and hold that Defendant waived his issues by not presenting them to the Trial Court. We, therefore, affirm the Trial Court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed
Case Remanded**

D. MICHAEL SWINEY, C.J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J. W.S and JOHN W. MCCLARTY, J., joined.

Thomas M. Leveille and Luke D. Durham, Knoxville, Tennessee, for the appellant, Royce Bates.

Floyd W. Rhea, Sneedville, Tennessee, for the appellee, Francess Brooks.

# MEMORANDUM OPINION[1]

## Background

In 2011, Defendant entered into an agreement with Plaintiff's late husband, Hugh G. Brooks, wherein Defendant agreed to purchase a roofing business, equipment, vehicles, and tools from Hugh G. Brooks ("the Contract"). Hugh G. Brooks died in 2013. In 2016, Plaintiff filed suit against Defendant alleging breach of contract.

The case proceeded to trial without a jury. At trial, Plaintiff testified that she was a partner with her late husband in the business and is Hugh G. Brooks's sole heir. Plaintiff was present when her husband and Defendant negotiated and entered into the Contract. Plaintiff's name was listed on the handwritten agreement, but Plaintiff did not sign the written agreement. Many of the terms of the Contract were oral. Plaintiff testified that she wrote out portions of the list of equipment and prices as her husband and Defendant reached agreement. The Trial Court found Plaintiff's testimony to be credible.

Michael Hipshire testified at trial that he was a former employee of Hugh G. Brooks. After the sale of the roofing business, Mr. Hipshire became an employee of Defendant's. Mr. Hipshire testified that after Mr. Brooks and Defendant reached an agreement, Mr. Hipshire helped to load some of the equipment for Defendant to take with him. Mr. Hipshire testified that this occurred several times over the years after the agreement was reached as the equipment was transferred to Defendant on a sporadic basis. Mr. Hipshire testified that Defendant still was picking up equipment after the death of Hugh G. Brooks.

Defendant testified at trial that the total purchase price for the equipment was $54,500. He stated that not only was Hugh G. Brooks going to sell the roofing business, but that Mr. Brooks was going to travel around with Defendant for two years in order to train Defendant and assist him to honor roofing warranties that Mr. Brooks was required to honor. Defendant testified that as a result of Mr. Brooks's health problems and death, Defendant was forced to learn on the job and provide substantial roof warranty work on behalf of Mr. Brooks. Defendant asserted that he had neither been compensated for this warranty work nor been given credit for this warranty work toward money he owed

---

[1] Rule 10 of the Rules of the Court of Appeals provides: "This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated 'MEMORANDUM OPINION,' shall not be published, and shall not be cited or relied on for any reason in any unrelated case."

pursuant to the Contract. Defendant testified that there were items of equipment he never had received. During the trial, the Trial Court went through the equipment list item by item. If Defendant denied receiving the item, the Trial Court deleted the item from the list. If Defendant disputed the value of an item on the list, the Trial Court accepted the amount that Defendant stated the item was worth.

At trial, Plaintiff disputed that the total purchase price on the Contract was $54,500. The parties, however, agreed that Defendant already had paid $45,000 toward the purchase price. Plaintiff testified that $123,000 still was owed pursuant to the Contract. Plaintiff testified that her husband told her that he thought of Defendant as a son and wanted Defendant to have the business at a price that Defendant could afford.

After trial, the Trial Court entered its Judgment on September 20, 2017 finding and holding:

> The defendant purchased personal property from the plaintiff for the sum of $111,571.50 in 2011. He has paid $45,000.00 to her. The balance owed to plaintiff by defendant is $66,571.50. The Court credited defendant's testimony as to what items of personal property he purchased from plaintiff.
>
> IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the plaintiff is awarded judgment against the defendant for $66,571.50, bearing post-judgment interest at 5.75% per annum, and the court costs, for which execution shall issue upon application of plaintiff.

The Trial Court entered an Amended Judgment on October 5, 2017 amending its Judgment as follows:

> 1. That plaintiff is awarded judgment agains [sic] the defendant in the sum of $66,571.50, bearing post-judgment interest at 6.25% per annum, pursuant to Tenn. Code Ann. § 47-14-121.
> 2. All other terms of said judgment are ratified and incorporated herein by this reference.

Defendant appeals to this Court.

## Discussion

3

Although not stated exactly as such, Defendant raises two issues on appeal[2]: 1) whether the Trial Court erred in not dismissing the case on the basis that the amounts were owed to Hugh G. Brooks Industries, LLC and Plaintiff allegedly has no interest in that business; and 2) whether the Trial Court erred in not dismissing the case on the basis that Plaintiff allegedly lacks standing to sue for a debt owed to a decedent, Hugh G. Brooks.

A careful and thorough review of the record on appeal reveals that Defendant did not request a dismissal from the Trial Court for any reason whatsoever. Defendant raised neither of these issues in the Trial Court. The law in Tennessee is well settled that issues not raised in the trial court may not be raised on appeal. *E.g., Blankenship v. Anesthesiology Consultants Exchange, P.C.*, 446 S.W.3d 757, 760 (Tenn. Ct. App. 2014). Given that Defendant failed to raise either of his issues in the Trial Court, we will not consider these issues on appeal.

## <u>Conclusion</u>

The judgment of the Trial Court is affirmed, and this cause is remanded to the Trial Court for collection of the costs below. The costs on appeal are assessed against the appellant, Royce Bates.

_____
D. MICHAEL SWINEY, CHIEF JUDGE

---

[2] In his brief on appeal, Defendant argues a third issue regarding whether Defendant is excused from performance under the Contract due to the alleged breach of Hugh G. Brooks. Defendant, however, did not raise this as an issue in his Statement of the Issues. As we have noted numerous times: "Courts have consistently held that issues must be included in the Statement of Issues Presented for Review required by Tennessee Rules of Appellate Procedure 27(a)(4). An issue not included is not properly before the Court of Appeals." *Hawkins v. Hart*, 86 S.W.3d 522, 531 (Tenn. Ct. App. 2001).

4